IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

─────────────────────────────────────────

MEDISON AMERICA, INC.,           )
a California Corporation          )
                                  )
        Plaintiff,                )
                                  )
v.                                )        No. 05-2390-V
                                  )
PREFERRED MEDICAL SYSTEMS, LLC,  )
a Tennessee Limited Liability     )
Company, JERRY K. MCGUIRE, and    )
GREGG REED,                       )
                                  )
        Defendants.               )

─────────────────────────────────────────

ORDER DENYING PLAINTIFF'S MOTION
TO REVIEW CLERK OF COURT'S DECISION TO AWARD
DEFENDANTS' BILL OF COSTS

─────────────────────────────────────────

Before the court is the February 25, 2008 motion of the plaintiff, Medison America, Inc., seeking review by the court of the Clerk of Court's decision to award the defendants, Preferred Medical Systems, LLC, Jerry K. McGuire, and Gregg Reed (collectively the "Preferred Medical defendants"), costs in the amount of $9,660.16. The Preferred Medical defendants have filed a response in opposition to Medison's motion and in support of the Clerk's order taxing costs. The parties have previously consented to a trial before the U.S. Magistrate Judge. For the reasons stated below, Medison's motion is denied.

FACTUAL AND PROCEDURAL HISTORY

On November 16, 2007, the court granted the Preferred Medical

defendants' motion for summary judgment in this case and entered judgment in favor of the Preferred Medical defendants on November 19, 2007. On December 17, 2007, the Preferred Medical defendants filed a Bill of Costs in the amount of $10,741.46 seeking reimbursement of court reporter fees and expenses in the amount of $10,306.45 related to the depositions of seven witnesses and exemplification costs of documents in the amount of $435.01. Medison filed objections to $4,398.00 of the total Bill of Costs on December 27, 2007, on the grounds that certain costs were not reasonable and necessary. The Preferred Medical defendants filed a memorandum in support of their Bill of Costs on January 11, 2008. A hearing was held by the Clerk of Court on January 25, 2008, and on February 20, 2008, the Clerk entered an order taxing costs against Medison in the amount of $9,660.16, thus reducing the Preferred Medical defendants' Bill of Costs by $1,081.30, which represents the costs of duplicate copies of two deposition transcripts, Martin Harris and Mark Patterson.

On February 25, 2008, Medison filed the present motion seeking review of the Clerk's order taxing costs, specifically the remaining $3,316.70 of its original objections. In support of its motion for review Medison relies on its previously filed reasonableness and necessity objections to the Preferred Medical defendants' Bill of Costs and offers no new support for its position.

ANALYSIS

Federal Rule of Civil Procedure 54(d) creates the presumption that the prevailing party shall be allowed to recover costs other than attorneys fees. FED. R. CIV. P. 54(d). To rebut the presumption under Rule 54(d), the objecting party must show that either the costs fall outside the statutory scope of 28 U.S.C. § 1920 or the amounts of the costs are unreasonable or unnecessary. *See BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 417 (6th Cir. 2005). Decisions of the clerk of court as to costs are reviewed *de novo* by the district court. *Id.* at 419. The district court has broad discretion in allowing or disallowing items as costs. *Id.*

The costs that may be properly taxed are listed in 28 U.S.C. § 1920, and the prevailing party must file a bill of costs to collect those costs. 28 U.S.C. § 1920. Included among the items that can be properly taxed as costs are "[f]ees of court reporters for all or any part of the stenographic transcript necessarily obtained for use in the case" and "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(2),(4). Subsections (2) and(4) authorize the taxation of taking, transcribing, and reproducing depositions as costs. *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989). A transcript is "necessarily obtained for use in a case" if it seemed necessary to the disposition of the case at the time it was taken.

*See id*. Whether the transcript is used at the trial is irrelevant, and the fact that a transcript is never actually used at trial is not an indication that the transcript was unnecessary because necessity is determined at the time the deposition is taken. *Id*. Moreover, it is proper to tax the cost of both videotaping and transcribing a deposition. *BDT Prods., Inc.,* 405 F.3d at 420. Also, the costs of electronic scanning and imaging of documents are authorized under § 1920 as "exemplification" costs. *Id.*

After careful consideration of Medison's motion for review and Medison's previously filed objections, the Preferred Medical defendants' memorandum in opposition to Medison's motion for review, and the entire record in this cause, the court finds that the $9,966.16 of costs taxed by the Clerk were reasonably necessary for the litigation and were proper taxable costs under 28 U.S.C. § 1920. Four of the seven depositions at issue - DePalma, Little, Harris, and Patterson - were relied upon by the parties in the motions for summary judgment and by the court in its order granting the Preferred Medical defendants summary judgment and therefore were necessary for the litigation. The deposition of Kirk McGuire, one of the Preferred Medical defendants, was noticed by Medison and was necessary for the litigation. The remaining two depositions were of Medison's two experts - Ciscel and Stafford. It is reasonably necessary that experts be deposed regarding the basis of their opinions. *Baji v. Ne. Reg'l Bd. of Dental Exam'rs, Inc.*, 3

F. App'x. 352, 360 (6th Cir. 2001)(unpublished opinion).

The fees and expenses charged by the court reporters in connection with the seven depositions consist of appearance and notary fees, charges for transcription, videotaping, scanning, and imaging of exhibits, and charges for preparation of CDs. The charges by the two litigation support services consist of costs for copying and Bates stamping documents. All these cost items are authorized by § 1920.

Accordingly, Medison's motion for review is denied, and the Clerk's Order Taxing Costs is affirmed in all respects.

IT IS SO ORDERED this 11th day of March, 2008.


s/ Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE